UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

FELIBI SIAGHA-COKE,

 Petitioner,

 v.

DHS *et al.*,

 Respondents.

CAUSE NO. 3:26cv706 DRL-SJF

OPINION AND ORDER

Immigration detainee Felibi Siagha-Coke, a litigant without counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his removal proceedings. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."[1]

Mr. Siagha-Coke filed an earlier habeas petition challenging his detention, which was denied except to find that he must be categorized under 8 U.S.C. § 1226(a) rather than 8 U.S.C. § 1225(b)(2). *See Siagha-Coke v. English, et al.*, No. 3:26cv200 (N.D. Ind. closed May 12, 2026.) He then returned with the current petition. His pleading is somewhat difficult to decipher, but he appears to argue removal proceedings were maliciously filed against him and the immigration judge wrongfully denied his application for asylum. He also asserts

---

[1] Rule 4 can be applied to other types of habeas petitions besides those filed under 28 U.S.C. § 2254, including 28 U.S.C. § 2241 petitions. *See* Section 2254 Habeas Corpus Rule 1(B).

that there were irregularities in the notice to appear he was served, impacting the immigration court's jurisdiction over him.

The Immigration and Nationality Act (INA) directs that "[j]udicial review of all questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section." 8 U.S.C. § 1252(b)(9). The INA further establishes that judicial review of a final order must occur in "a petition for review filed with an appropriate court of appeals." 8 U.S.C. § 1252(a)(5). This court lacks jurisdiction to review the merits of a removal order or any procedural irregularities associated with that process. *Morales-Ramirez v. Reno*, 209 F.3d 977, 979 (7th Cir. 2000) ("[8 U.S.C.] § 1252(g) applies whenever an alien makes an adjudicatory challenge to an order of removal, and for this reason, the district court has no jurisdiction to hear a petition for writ of habeas corpus.").

For these reasons, the petition [ECF 1] is DISMISSED for lack of jurisdiction, and the petitioner's motion for leave to proceed *in forma pauperis* [ECF 2] is DENIED as moot.

SO ORDERED.

May 26, 2026                                    s/ *Damon R. Leichty*
                                                Judge, United States District Court

2